# ROBERT M. DETWILER v. FRANK O. LOWDEN AND OTHERS.[1]

No. 31,125.

October 23, 1936.

[1]Reported in 269 N. W. 367, 838.

186

*O'Brien, Horn & Stringer,* for appellants.
*Robert J. McDonald* and *William H. DeParcq,* for respondent.

HOLT, JUSTICE.

Plaintiff, while a fireman on a train moving in interstate commerce and operated by defendants as trustees of the Chicago, Rock Island & Pacific Railway Company, was injured in a collision in the state of Kansas, in which state he then resided. He sues to recover damages for such injuries, alleging that the collision was caused by the negligence of defendants and their servants. Defendants' answer admits the operation and character of the train on which plaintiff was employed when the collision occurred, denies that it was caused by defendants' negligence, and avers that plaintiff's injuries resulted from his disobedience to the command of his superior in the service. Other defenses, not necessary now to mention, are set forth in the answer. The answer further alleges that the collision causing plaintiff's injuries happened in the state of Kansas, where he then resided. Then as an equitable defense and cross-bill it alleges that about four months after the injuries were received plaintiff, in consideration of $100 advanced to him by defendants, agreed in good faith amicably to settle with defendants for his injuries, and if his claim could not so be adjusted he covenanted with defendants not to sue them or the railway company for damages on account of said injuries "in any courts sitting outside of the state of" his residence at the time of said injuries or outside of the state wherein said injuries occurred. It also alleges that plaintiff, notwithstanding his covenant, sued defendants in the federal district court of this state to recover for said injuries; that

these defendants therein set up the same equitable defense and cross-bill as herein set forth, and plaintiff replied thereto; that thereafter a motion was made by defendants to transfer the cause from the law to the equity side of said court to first try and determine the existence and validity of said covenant not to sue in courts sitting outside the state of Kansas; and that the federal court granted the motion by an order made part of the answer, from which order no appeal has been taken.

Plaintiff questions the appealability of the order. It is not appealable under 2 Mason Minn. St. 1927, § 9498(3). But defendants contend the order denies a provisional remedy and is appealable under § 9498(2). The difficulty with this contention is that the order has not yet denied either an injunctional remedy or the specific performance of the contract not to sue in this state. The court indicated that under the pleadings the existence and validity of the contract upon which defendants rely may properly be disposed of in the trial by a court empowered to give effect to equitable defenses in the trial of an action at law. For that reason the trial court did not deem it necessary to consider or determine, in advance of the trial of the cause of action stated in the complaint, the question of the validity of the covenant not to sue except in the courts sitting in the state where the injuries were sustained and wherein plaintiff then resided. There are two issues raised by the pleadings with regard to this covenant. One is whether the contract containing the same was signed by plaintiff with knowledge of its contents or was obtained by defendants by fraudulently representing it to be a receipt for money loaned or advanced to him; and the other is the legal issue or question whether or not the covenant on its face is void as an attempt to circumscribe the jurisdiction of courts or is illegal as in contravention of 45 USCA, §§ 55 and 56, of the federal employers liability act. The first, or the question of fact, may well be submitted to a jury as is generally done in cases for personal injuries where a release is pleaded as a defense and is attacked by the reply as having been obtained by fraud. If that issue is determined in favor of the present plaintiff, of course the illegality of the covenant becomes moot. The order appealed from

on its face is not final.[2]  It does not purport to pass on the validity of the covenant, nor does it determine that the contract, if found to have been made by plaintiff, should not be specifically performed by enjoining him from suing in the courts of this state for the injuries referred to in the complaint.

Defendants also insist that the order of the federal court, not appealed from, has become *res adjudicata* and should govern in the state court.  The procedure in the courts of this state is different from that under the federal judicial code.  The latter provides[3] that when equitable issues are presented by an affidavit of defense and plaintiff's reply they should be heard pursuant to § 274b of the code (28 USCA, § 398) "by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues."  Enelow v. New York L. Ins. Co. 293 U. S. 379, 381, 55 S. Ct. 310, 311, 79 L. ed. 440.  In our courts equitable defenses are available in actions at law.  And certainly the issue of fact whether the signature of plaintiff to the contract pleaded was obtained by fraud and misrepresentation as to its character may be a jury issue the same as is usually the case in actions of this sort wherein the answer pleads a release which the reply attacks as obtained by fraud.  5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7587.  Under our practice whether equitable defenses are to be determined by the court without a jury in advance of the trial of a plaintiff's cause of action is usually left to the discretion of the court.  5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7591.  To a court having such discretion the order of the federal court in the action there pending was not even a precedent.  The order appealed from cannot be considered appealable simply because the order made by the federal court in the action there pending was appealable and has now become a finality in that action.

Both parties have exhaustively argued the proposition whether the covenant not to sue in any other courts than those sitting in the state of Kansas is valid on its face.  In other words, is such a covenant void either as against public policy or as contravening

[2]See opinion on application for reargument, *infra,* pp. 190, 191.

[3]See opinion on application for reargument, *infra,* pp. 191, 192.

§§ 55 and 56 of the federal employers liability act (45 USCA)? It must be conceded that it is the general rule that a provision in a contract, whether it relates to insurance, commercial transaction, or services, which seeks to limit future litigation that may arise thereunder to certain courts and exclude others is void as against public policy. See an extensive annotation of State ex rel. Kahn v. Tazwell (125 Or. 528, 266 P. 238) in 59 A. L. R. 1436. Among the authorities therein referred to is Nashua River Paper Co. v. Hammermill Paper Co. 223 Mass. 8, 111 N. E. 678, L. R. A. 1916D, 691, containing a full discussion of prior decisions in Massachusetts. But we consider the covenant in the contract here in question to stand on a different basis. Here, after plaintiff's cause of action accrued, he was free to enter any stipulation he chose with regard to it. He could settle the same with defendants for any sum he deemed proper and give a binding release, provided there was no misrepresentation or fraud or mutual mistake which might furnish grounds for setting it aside. There does not appear any reason for denying one who has an accrued cause of action which he may settle and release to stipulate, for a valuable consideration, to try such cause of action in a particular court having jurisdiction. Surely, had plaintiff commenced an action for damages sustained in this collision in any district court of this state and thereupon signed a like contract containing a provision that the cause should be tried in another district court in the state than the one in which it was begun, it would be valid and would be enforced by the courts. On the face of the covenant it would appear to be to the interest of both parties, in reducing the expense of the litigation, to have the trial in the state where plaintiff resides and where his injuries occurred.

The covenant cannot be held to contravene either § 55 or § 56 of 45 USCA (federal employers liability act). It is clear the covenant does not infringe § 55, reading:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall * * * be void."

The covenant does not attempt to settle the cause of action nor does it exempt defendants from any liability created by the act. It is said that plaintiff's cause of action is transitory and by § 56 of the federal employers liability act he has the privilege of bringing it in any state court since state courts have concurrent jurisdiction with the federal courts, and in the latter such action may be brought "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." There is also a provision that no action under the act brought in a competent state court shall be removed to a federal court. Restatement, Contracts, § 558, provides:

"A bargain to forego a privilege, that otherwise would exist, to litigate in a Federal Court rather than in a State Court, or in a State Court rather than in a Federal Court, or otherwise to limit unreasonably the tribunal to which resort may be had for the enforcement of a possible future right of action or the time within which a possible future claim may be asserted, is illegal."

It is to be noted that the illegality is as to provisions regarding future causes of action and unreasonable limitations in respect to the tribunal where the causes of action may be litigated, neither of which is present here. The contract concerns an existing cause of action, and certainly the covenant to sue only in the courts sitting in the state where the cause of action arose and where plaintiff then resided is reasonable. We regard the covenant legal on its face, and it should be enforced if plaintiff knowingly without fraud on the part of defendants signed and delivered the contract containing the covenant.

The appeal is dismissed.

UPON APPLICATION FOR REARGUMENT.

On November 20, 1936, the following opinion was filed:

PER CURIAM.

Defendants petition for a rehearing. It is claimed that the decision placed a wrong construction on 2 Mason Minn. St. 1927,

§ 9498 (2), by stating that an order to be appealable must be "final." In the sense used, it was intended to convey the thought that even an order in respect to a provisional remedy to be appealable must show that the court considered the application and either granted or denied it on its merits, and did not merely, in the exercise of judicial discretion, postpone the determination of the question until reached later in the progress of the suit. The trial court exercising the functions of a court at law and of a chancellor in equity may in his discretion direct the order of trial of the issues raised by the pleadings. The order here appealed shows on its face that the court below deemed it proper to have it determined at the regular trial of the case whether or not the contract, which is the basis for defendants' application for a provisional remedy, has a legal existence—that is, whether or not plaintiff signed it knowingly without fraudulent representation by defendants as to its character. The trial court has not as yet passed on the question whether defendants are entitled to an abatement of this action in this state if the contract is binding on plaintiff.

The claim is also that the opinion failed to pass on the proposition that defendants have no adequate remedy at law for the enforcement of their contract unless this action be stayed until the validity of the contract be first established. Having reached the conclusion that the order was not appealable, the decision should have ended there; but, in deference to the earnest request of the parties, as we understood it, we indicated that if in the orderly procedure of the case it was ascertained that the contract on which defendants base their relief was binding upon plaintiff, he should be prohibited from suing on his cause of action in the courts of this state. The procedure in the litigation is for the trial court.

The third ground for rehearing is that our opinion is based "on a federal statute not in existence." It was not intended to place the decision on any federal statute. Defendants cited and relied on Enelow v. New York L. Ins. Co. 293 U. S. 379, 55 S. Ct. 310, 79 L. ed. 440. The federal judicial code there cited and found in the margin of the decision was correctly cited in our opinion. But our statement that the judicial code referred to provided that where

equitable issues are presented they should be heard "by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues" is incorrect in that the quoted words are not from the code cited, but are a recital by Chief Justice Hughes in his opinion of the proceeding had therein.

The rehearing is denied.

Mr. JUSTICE STONE took no part in the consideration or decision of this case.

[1] Reported in 269 N. W. 405.