**CLARK v. LOWDEN et al.**

Civ. No. 148.

District Court, D. Minnesota,
Second Division.

Dec. 30, 1942.

E. S. Stringer, Philip Stringer, and John D. Stringer, all of St. Paul, Minn., for defendants.

Davis, Michel, Yaeger & McGinley, of Minneapolis, Minn., for plaintiff.

NORDBYE, District Judge.

This action arises under the Federal Employers' Liability Act. The accident took place on January 25, 1942, at Rock Island in the State of Illinois, where plaintiff was employed and resided, and still resides. Paragraph V of defendants' answer sets forth certain payments or advancements made to the plaintiff after he was injured. It appears from the recitals in that paragraph that plaintiff has been paid some $400 in three installments, and upon receipt of each payment signed an agreement. The first payment was made on or about April 11, 1942, when plaintiff was paid $150, and in consideration thereof signed the following agreement, which for the purposes of this motion may be considered as typical:

"The Chicago, Rock Island and Pacific
Railway Company

Frank O. Lowden, James E. Gorman,

Joseph B. Fleming, Trustees

"File No. 42-142 R. G. Clark Rock Island Division

"Agreement for Advancement of Funds

Prior to Determination of Liability

"At my request the Trustees of the Estate of The Chicago, Rock Island and Pacific Railway Company have this day advanced to me the sum of $150 for living and other expenses while I am disabled for work by personal injuries sustained by me on or about the 25th day of January, 1942, while a switchman.

"In consideration of said advancement, I agree with the Trustees of the Estate of the said Railway Company that I will endeavor, in good faith, to adjust and settle any claim I may have for my injuries before resorting to litigation. If my claim

cannot be so adjusted, I promise and agree that I will not start suit against the Trustees or the Railway Company to recover damages for my injuries in any courts except those sitting within the State where my injuries were sustained or within the State where I resided at the time my injuries were sustained, and I covenant with the Trustees, and their successors, that I will not start suit against them or said Railway Company for damages on account of my said injuries in any courts sitting outside of the State of my residence at the time of the said injuries or outside of the State wherein my said injuries occurred.

"I furthermore promise and agree in consideration of the advancement aforesaid that all sums of money now or hereafter advanced to me by the Trustees shall be deducted from any sum which finally may be determined, either by settlement, judgment of a court or otherwise, that I am entitled to receive from the Trustees or said Railway Company on account of said injuries.

"It is understood and agreed that the advancement of this or any other sum of money to me shall not be considered as an admission of any liability on the part of the Trustees or the Railway Company and I understand that the Trustees, and the Railway Company, deny liability for my injuries.

"Dated at Rock Island, Ill. this 11th day of April, 1942.

"I have read and understand this is an advancement.

"R. G. Clark"

It is defendants' position that the agreement, founded upon sufficient consideration, prevents plaintiff from bringing this suit in a jurisdiction other than the State of Illinois. It is contended that the District of Minnesota is far removed from the scene of the accident or the residence of the plaintiff, and that it would be expensive and unduly interrupt defendants' railroad services to bring witnesses several hundreds of miles from Rock Island to Mankato, Minnesota, where the case is pending. Plaintiff, however, calls attention to Section 5 of the Federal Employers' Liability Act, the pertinent portion of which reads: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." 45 U.S.C.A. § 55.

Section 6 of the Act reads in part: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C.A. § 56.

It is plaintiff's position that the term "liability" in its broad sense as used in Section 5 of the Act encompasses and embraces venue. Further, that plaintiff's right under the Act to bring this suit in any of the jurisdictions as provided by Section 6 of the Act cannot be limited by any agreement, even after the happening of an accident without running afoul of the inhibition provided in Section 5. Plaintiff relies principally on the teachings of Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129; Duncan v. Thompson, 315 U.S. 1, 62 S.Ct. 422, 86 L.Ed. 575; Philadelphia, Baltimore & Washington R. Co. v. Schubert, 224 U.S. 603, 32 S.Ct. 589, 56 L.Ed. 911.

The question presented, therefore, is this: Is the agreement by plaintiff waiving the privilege of venue afforded to him by Section 6 of the Act a contract or device to enable the carrier to exempt itself from any liability created by the Act? If so, the contract referred to herein is unenforcible and void.

That Section 5 of the Act prohibits every variety of agreement or arrangement on the part of the carrier to exempt itself from any liability created by the Act has been definitely determined in Philadelphia, Baltimore & Washington R. Co. v. Schubert, supra. In Duncan v. Thompson, supra, an instrument signed by the injured employee admitting the receipt of $600 for "living and other expenses pending further developments as to the extent and effect of * * * injuries and negotiations for settlement of [the] claim" and agreeing further that if the claim was not adjusted the $600 would be returned to the carrier as a pre-requisite to the filing and maintenance of any suit, was held void because, "By its terms, unless this condition were satisfied—and in view of Duncan's straitened circumstances the probability of satisfaction would seem negligible —Duncan's only means of enforcing such liabilities as should have been assumed by

the respondent would be taken from him." The Court stated further that "the agreement, if valid, would effectively exempt the respondent from liability under the act no matter what the merits of Duncan's claim."

Defendants point out that the agreement herein was not made until after the accident, and therefore such agreement does not run counter to the long line of cases which condemn contracts or agreements which may apply to a future claim for the reason that they are against public policy. See Home Ins. Co. v. Morse, 20 Wall. 445, 22 L.Ed. 365; Progressive Finance & Realty Co. v. Stempel, 231 Mo.App. 721, 95 S.W.2d 834; Restatement of the Law of Contracts, § 558. Further, it is asserted that venue is not synonymous with liability; that "Section 6 establishes venue for an action in the federal courts"—Baltimore & Ohio R. Co. v. Kepner, supra [314 U.S. 44, 62 S.Ct. 9, 86 L.Ed. 28, 136 A.L.R. 1222]; that venue is a matter of privilege —Wabash R. Co. v. Bridal, 8 Cir., 94 F.2d 117; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167, 128 A.L.R. 1437, and that the liability of the carrier is not diminished or affected by the enforcement of the covenant under attack. Concededly, the liability of the defendants, and the full extent thereof, will be enforced as fully and completely in the Courts of Illinois as in this forum. The responsibility of the defendants for any negligence in connection with the accident which befell the plaintiff will be in no way lessened by a limitation of the venue as reflected in the agreement between the parties. The only sections of the Federal Employers' Liability Act which pertain to the liability of a carrier are Sections 1 and 2, 45 U.S.C.A. §§ 51, 52. Section 6 is the portion of the Act which is affected by this agreement and it pertains only to venue, not to the responsibility or liability of the carrier.

The determination of venue within the limitations of Section 6 rests with the employee, but having selected a venue by the bringing of an action, it would not be suggested that plaintiff had in any way exempted the carrier from liability. It seems clear that the venue is merely the place where the liability is to be enforced. In this contract, which was based on a valuable consideration, plaintiff has merely agreed to enforce that liability in one of the forums embraced in the Act. No one would question the right of the parties to an action to stipulate as to an appropriate venue under the Act. Plaintiff had the privilege of bringing this suit in any one of the jurisdictions countenanced by Section 6 of the Act. If he voluntarily selects the locality of the lawsuit, he has exercised the privilege which the Act confers. It is within his power to select one jurisdiction and waive the convenience or inconvenience, desirability or undesirability, of the other permitted localities. There is no basic difference between the plaintiff's selection of the State of Illinois as the forum to enforce the claimed liability of the defendants by the commencement of a lawsuit therein, and his selection of venue in such jurisdiction by way of a contract in absence of fraud or unfair practices and based upon a sufficient consideration. Many reasons might be suggested why the jurisdiction selected would be the most convenient and least onerous for all parties. But that aside, in either situation he has exercised the privilege conferred by the Act. He has a right to choose his venue after the cause of action has accrued, and when thus made, public policy is not contravened. Nor is there any language in Section 5 of the Act which even remotely implies that Congress intended any limitation on his privilege in this regard.

No cogent argument is suggested why Congress sought to use the word "liability" in Section 5 to encompass "venue". "Liability" is defined by 2 Bouv.Law Dict., Rawle's Third Revision, p. 1950, as follows: "Liability. Responsibility; the state of one who is bound in law and justice to do something which may be enforced by action. This liability may arise from contracts either express or implied, or in consequence of torts committed."

Justice Frankfurter's statement in the Neirbo case, 308 U.S. at page 167, 60 S.Ct. at page 154, 84 L.Ed. 167, 128 A.L.R. 1437, in referring to venue is clarifying and should dispel any confusion which might exist: "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a lawsuit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts."

This question has been directly passed upon by the Supreme Court of Minnesota in Detwiler v. Lowden, 198 Minn. 185, 269 N.W. 367, 838, 107 A.L.R. 1054, 1059, and while the views of that court may be considered as obiter because it had been determined that the order under consideration was not appealable, the court nevertheless determined the question for the guidance of the lower court on the trial of the action. There, as here, the contract or agreement as to venue was made after the accident. A lengthy and learned discussion will be found in that decision disposing of the contentions made herein. The court very succinctly stated its view in the following language (198 Minn. at page 190, 269 N.W. at page 370): " * * * The contract concerns an existing cause of action, and certainly the covenant to sue only in the courts sitting in the state where the cause of action arose and where plaintiff then resided is reasonable. We regard the covenant legal on its face, and it should be enforced, if plaintiff knowingly without fraud on the part of defendants signed and delivered the contract containing the covenant."

See also Detwiler v. Chicago, Rock Island & Pacific R. Co., 15 F.Supp. 541, where this Court considered the same contract which was before the Minnesota Supreme Court in Detwiler v. Lowden, and denied a motion to strike based upon the contention that the contract pleaded was void upon its face.

Plaintiff urges that the Detwiler case was handed down by the Supreme Court of Minnesota before Duncan v. Thompson, and that its reasoning and views are inconsistent therewith. However, it seems clear that, in the Duncan case, Justice Black, while holding that Section 5 pertains to contracts after an injury as well as before, and reversed the holdings of certain State Courts in that regard, nevertheless in no way indicated that, as used in the statute, "liability"—the responsibility of the carrier to respond in damages—embraces venue. The liability which was affected in the Duncan case was the responsibility of the carrier under Section 1 of the Act. If Duncan was unable to refund the sum paid, his right to enforce the liability of the carrier was lost. There was imposed a condition precedent to liability. Substantive rights were affected; here, we are concerned with procedural matters. In re Moore, 209 U.S. 490, 28 S.Ct. 585, 52 L. Ed. 904, 14 Ann.Cas. 1164. While plain-

tiff is entirely justified in concluding that the Supreme Court has deemed it necessary to give a broad and liberal interpretation to Section 5 of the Act in order to stamp as illegal any attempt to circumvent the liability of the carrier to respond in damages in a Court of competent jurisdiction, there is no suggestion in the Duncan decision which gives plaintiff any support for the position which he now asserts. It would be a distortion of the usual understanding and interpretation given to unambiguous language to read into Section 5 the construction now urged by plaintiff. If Congress intended to embrace venue where it used the word "liability," it probably would have so stated. Courts have no authority to read into the statute an unexpressed limitation. The query as proposed by Justice Black in the Duncan case was "whether 'the purpose or intent' of the instrument was to enable the respondent 'to exempt itself from any liability created by (the) Act.'" Page 7 of 315 U.S., page 424 of 62 S.Ct., 86 L.Ed. 575. Propounding the same inquiry to the intent and purpose of the covenant now being considered, it must follow that, if plaintiff and defendants voluntarily agree upon the courts in a certain forum having jurisdiction to settle their dispute, in the event litigation results, no exemption or derogation of defendants' liability ensues. It is not pointed out or even urged that defendants' liability for damages for negligence is impaired or in any way diminished in the Illinois forum.

None of the other cases referred to by plaintiff are determinative herein or particularly helpful. They do not involve the choice of venue under the Act by a plaintiff. They pertain to the attempts of others than the plaintiff to frustrate the privilege of venue granted to the injured employee. In determining these motions, the Court must conclude that plaintiff voluntarily selected the venue.

■ Lastly, it may be stated that such contract under all the circumstances is reasonable and in no way infringes upon the right of the employee to obtain complete restitution for the damages sustained. Certainly, it cannot be held contrary to public policy during these war times when the carriers are burdened with heavy transportation problems. The time spent by railroad employees in traveling long distances to attend trials may increase that burden, and in some degree, at least, it may

enhance the transportation load which the railroads are obliged to assume. During the last war, the Director General of Railroads promulgated General Order No. 18A on April 18, 1918, which reads:

"General Order No. 18A. April 18, 1918.

"General Order No. 18, issued April 9, 1918, is hereby amended to read as follows: 'It is therefore ordered that all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose.' "

This was sustained as a reasonable limitation upon venue in Alabama & Vicksburg R. Co. v. Journey, 257 U.S. 111, 42 S.Ct. 6, 66 L.Ed. 154. Not that the existence of transportation problems by reason of the war is determinative of the issues here presented, but it is a factor which admittedly bears upon the reasonableness of the agreement. The curtailment of civilian travel on railroads and the excessive demands made upon the Nation's transportation facilities strongly support defendants' position that, under these circumstances, the covenant with respect to venue is entirely consonant with public policy.

■ It follows, therefore, that the covenant regarding venue should be and is found to be legal and enforcible on its face, and that plaintiff's motion to dismiss the portion of defendants' answer referred to in the notice of motion must be, and the same hereby is, denied. It is further ordered that the issues arising out of Paragraph V of the answer herein and the reply interposed by plaintiff be determined in advance of the other issues in the case. All other proceedings herein are hereby stayed until a determination of the validity and enforcibility of the contract or contracts referred to. If the validity of the venue contract is sustained under the attack of fraud, defendants will be entitled to the equitable relief they seek herein dismissing without prejudice plaintiff's complaint and enjoining plaintiff from proceeding to trial on the merits in any other jurisdiction except that of the State of Illinois. If the contract is not sustained under the attack of fraud, the parties hereto may proceed to trial herein on the merits of plaintiff's bill of complaint. The equitable issues raised by Paragraph V of the

answer and the reply should first be determined. Detwiler v. Chicago, Rock Island & Pacific R. Co., supra; Rule 42(b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

An exception is reserved to the plaintiff.