Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578.

 If A enters into a contract with B by the terms of which A agrees to perform services (to erect an elevator, etc., as here) and C is injured as a result of the faulty construction, namely the negligence of A, so that B who is in possession and in control of the elevator becomes liable to C, A would be required to reimburse B for damages paid to C. Stating it in another way, if a person is guilty of active negligence, in addition to being liable to the injured person is also liable to the one legally responsible for his negligence as in the example above set forth, A being the one through whose negligence C was injured is required to indemnify and hold harmless B for any damages paid to C. See Toth v. Kennedy & Smith, Inc., et al., 285 N.Y. 579, 33 N.E.2d 249; Kirchner v. Muller, 280 N.Y. 23, 19 N.E.2d 665, 127 A.L.R. 681; Westchester Lighting Co. v. Westchester C. S. E. Corp., 278 N.Y. 175, 15 N.E.2d 567; Doyle v. Union Railway Co. et al., 276 N.Y. 453, 12 N.E.2d 541.

The conclusion seems inescapable that the third party complaint sets forth a cause of action. Pursuant to Rule 49 of the Federal Rules of Civil Procedure the rights of the movant can be amply protected upon the trial (See Holtzoff, New Federal Procedure and the Courts, pgs. 126 to 131 inclusive) by the Court submitting to the jury interrogatories—for example— the Court could, among others, submit to the jury (1) whether the parties are joint tort feasors, (2) whether the parties are several tort feasors. In the event that they are joint tort feasors judgment would go to the movant.

Motion denied.

Settle order on notice.

Abraham M. Fisch, of New York City, for plaintiff.

John P. Smith, of New York City, for defendant.

BYERS, District Judge.

Motion for a separate trial pursuant to Federal Rules of Civil Procedure, rule 42(b), 28 U.S.C.A. following section 723c.

This is a Jones Act case, to recover damages for personal injuries. The answer pleads a general release, and the reply asserts misrepresentations which induced the plaintiff to sign it, and that he tendered back the consideration, which was returned to him, but that he has not accepted it, i.e., he retained the check and tenders it into court.

The defendant asks for the separate trial on this issue, since the release was obtained by the representative of an insurance company, which will develop on the trial to the defendant's prejudice.

The plaintiff is in the Army now, and his attorney says that he fears his client cannot obtain two furloughs for two trials; and otherwise opposes the motion.

It may be doubted if the average jury today is as ingenuous as the law seems to suppose, concerning the extent to which insurance companies participate in negligence litigation and bear its financial burdens.

In any case, the defendant has tendered the issue, and I cannot observe in the motion papers anything to justify the con-

## CLARK v. ATLANTIC STEVEDORING CO., Inc.
### Civil Action No. 3038.

District Court, E. D. New York.

Feb. 15, 1943.

clusion that prejudice to the defendant is likely to develop by holding one trial of all the issues in the case.

Motion denied, without prejudice to the renewal thereof in connection with the actual proceedings at the trial. The Judge who is to preside is not to feel himself constrained by this disposition at the motion term.

Settle order.

## O'LEARY et al. v. LOFTIN et al.
### No. C. 2858.

District Court, E. D. New York.

Nov. 16, 1942.

Alfred W. Meldon, of Brooklyn, for plaintiffs.

Bleakley, Platt & Walker, of New York City, for defendants.

INCH, District Judge.

This is a motion to dismiss an action on the ground that this court did not have jurisdiction of the person of the defendants, that defendants have not been properly served with process, that the complaint fails to properly allege the citizenship or residence of the defendants, and that plaintiffs have been improperly joined.

It seems to me that there has been no improper joinder and that under Rule 8 (e) and Rule 21 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, this objection can be put aside.

The objection that this court has no jurisdiction stands or falls with the consideration of the objection that there was no proper service of the summons.

According to the complaint plaintiffs, while passengers upon the defendants' train, were injured through alleged negligence of defendants. The accident happened in the State of Florida. The Florida East Coast Railway Company is a debtor being reorganized in the bankruptcy court in the State of Florida and the defendants are trustees duly appointed by the United States District Court for the Southern