## HERRINGTON v. THOMPSON.
### No. 2955.

District Court, W. D. Missouri, W. D.

June 9, 1945.

F. B. Hanlon, of Coffeyville, Kan., and C. A. Randolph, of Kansas City, Mo., for plaintiff.

Richard H. Beeson and David P. Dabbs, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion to dismiss in the above matter raises the sole question of venue. Jurisdiction is not involved. This court has acquired, through due process, jurisdiction of both the subject matter and the parties. The question of venue arises because of an agreement between the plaintiff and the defendant entered into first on July 5, 1944 and repeated August 1, 1944, September 1, 1944, and October 1, 1944. The basis of such an agreement is the fact that the plaintiff, as an employee of the defendant, suffered an injury on April 16, 1944, "while switching in the West Coffeyville, Kansas, yards." In said injury it is claimed by plaintiff that his right ankle was broken. While suffering from disabilities thus caused the defendant made certain advancements to him "for living and other expenses while I am disabled from work by reason of personal injuries sustained by me at the time and place and under the circumstances" mentioned. The plaintiff: "in consideration of said advancement, I agree with said Trustee that I will endeavor in good faith to adjust and settle any claim I may have for my aforesaid injuries before resorting to litigation. If my claim be not so adjusted, I covenant and agree that I will not start or prosecute suit against said Trustee, or his successors in interest, to recover damages for my injuries in any court except one of those sitting within the State where my injuries were sustained or within the State where I resided at the time my injuries were sustained, provided service can be obtained on said Trustee in either of said States."

The complaint says that the plaintiff was employed at Coffeyville, Kansas, on the said April 16, 1944, when he suffered the injury about which he complains. Subsequently, to-wit, on March 16, 1945, the plaintiff instituted this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in the District Court, Western Division, Western District of Missouri.

The defendant has filed its motion to dismiss and supports said motion by proffering such agreements signed by the plaintiff wherein he agreed for the considerations mentioned not to sue in any court save the courts of Kansas, including the federal court sitting there. It is not contended by the plaintiff that he resided in the State of Missouri at the time his injuries were sustained. Defendant asserts the right to move for dismissal, perforce the provisions of Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule is as follows: "Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue, * * *.*" It is the contention of the defendant that, in view of the agreement with plaintiff, the venue is not properly fixed in this district.

■ 1. Venue means the place or the jurisdiction in which an action may be brought. There is a distinction between jurisdiction and venue as the former is the power to hear and determine the cause. That the court has jurisdiction of the parties and subject matter there is no room for debate. On the question as to whether or not the plaintiff by his contract limited the venue to the place where the accident occurred and where he resided at the time of its occurrence, there can be no doubt but that the plaintiff and defendant attempted so to limit venue. It is claimed by the plaintiff, through his counsel, that the venue could not be thus limited.

■ 2. Reliance is placed by the plaintiff primarily on Section 55, 45 U.S.C.A., where it is specifically provided that: "Any contract * * * the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: * * *."

It is asserted by plaintiff that the venue agreement was an effort to exempt the defendant from "liability created by this chapter."

3. Venue is not a liability against the defendant and in favor of the plaintiff as suggested by counsel for the defendant. In the case of Neirbo Co. v. Bethlehem Corporation, 308 U.S. 165, loc. cit. 167, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, the Supreme Court referred to the meaning of venue and the rights of litigants with respect to it. The court said: "But the locality of a lawsuit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants *and as such is subject to their disposition."

Later, in discussing a venue section, the court said: "Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.'" The court further said: "Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." From this case, it will be observed that venue is a privilege and one that may be given up by the litigants.

The identical question was before Judge Nordbye in Clark v. Lowden, D.C., 48 F. Supp. 261. The provisions of a similar agreement were upheld and the venue was limited as provided in the contract. A construction was put by Judge Nordbye upon said Section 55, supra.

Aside from other questions, it may be conceded that by Section 56, 45 U.S.C.A., the plaintiff was accorded the right to bring suit here as well as in the State of Kansas. The point under consideration is whether he contracted away such right.

■ 4. Distinction is made by the authorities between executory contract with respect to venue and those agreements made after the cause of action has accrued. 17 C.J.S., Contracts § 229, p. 605, states the law succinctly as follows: "As a general rule venue is not a subject of contract, and, except by reason of statute, a stipulation in a contract fixing the venue of an action on the contract as to future litigation is generally held void as contrary to public policy, * * *. *However, this rule does not apply to agreements as to accrued causes of action,* such agreements being valid and enforceable, in the absence of misrepresentation, fraud, or mutual mistake. Where no question of public policy

is involved, such a contract provision is, of course, sustained."

5. Turning to the question of public policy, it appears from the authorities that public policy would be inclined to favor the agreement. The Supreme Court, in Michigan Central v. Mix et al., 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470, declined to permit the maintenance of an action against the Michigan Central where the cause of action accrued in the State of Michigan but had been brought in the State of Missouri. It is true that there was a question of due process in the case but the court said, in discussing a similar ruling in another case: (278 U.S. loc. cit. 496, 49 S.Ct. 209), "It was assumed that the carrier had been found within the state. The judgment was reversed on the ground that to compel it to try the cause there would burdtn interstate commerce and, hence, would violate the commerce clause."

In this case the plaintiff loses no right. It is his privilege to proceed either in the federal or a state court sitting in the State of Kansas to enforce the identical claim asserted here and in a jurisdiction where he had agreed, for a valuable consideration, that he would seek to enforce such claim. Unquestionably, the witnesses reside at Coffeyville, or environs, and while it is not far from Kansas City, yet the convenience of the parties, including the plaintiff himself, would be best served by enforcing his rights in those jurisdictions. As indicated, venue is a personal privilege, and for a good reason, and in accordance with public policy, the plaintiff waived or contracted to waive his privilege to bring his suit here. It was his contract. It does not run counter to public policy, but, on the contrary, accords with public policy. It is the duty of the court to enforce the contract made between the parties. That contract was that the venue of the litigation should not be exercised or enjoyed in this jurisdiction.

7. In Harbis v. The Cudahy Packing Co., 211 Mo.App. 188, 241 S.W. 960, 962, the court said in reference to venue: "It is well settled that parties may so contract if they choose." The Supreme Court did not quash the opinion. State ex rel. Harbis v. Trimble, 292 Mo. 333, 238 S.W. 809.

In Lidgerwood v. Hale & Kilburn Corporation, D.C., 47 F.2d 318, loc. cit. 320, the court said: "Until the time arrives when courts are to remake for parties the contracts which they have made, it seems to me

that nothing can be done for plaintiffs in a situation like this."

In view of the foregoing, the motion to dismiss should be sustained, and it will be so ordered.