## TAGUE v. DELAWARE, L. & W. R. CO.
### Civil Action No. 5757.

District Court, E. D. New York.

March 26, 1946.

John E. Morrissey, of New York City, for defendant (for the motion).

William Samuels, of Brooklyn, N. Y., for plaintiff (opposed).

KENNEDY, District Judge.

Plaintiff, a resident of Northumberland, Pennsylvania, sues the defendant under the Federal Employers' Liability Act, 45 U.S. C.A. § 51, to recover for personal injuries sustained on September 16th, 1943, at or near defendant's engine house at Kingston, Pa. Among other affirmative defens-

es the answer alleges that on July 10, 1944, plaintiff for a valuable consideration executed and delivered to defendant an agreement that he would not sue the defendant in any courts except those sitting within the state where his injuries were sustained. The agreement itself is annexed to the answer.

The defendant now moves for six forms of relief: (1) For an order dismissing the complaint because of improper venue (Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c); (2) for judgment on the pleadings under the same rule; (3) for summary judgment on the ground that the venue is improper (Rule 56, Federal Rules of Civil Procedure); (4) for an order that the defense of improper venue be tried first as a separate issue; (5) for an order enjoining the plaintiff for maintaining any action except in courts sitting in Pennsylvania; and (6) for an order staying the trial of other issues raised by the pleadings until the question of venue has been determined.

In support of the application defendant submits an affidavit setting forth what I have said already concerning the agreement and in addition the fact that all of the witnesses on both sides reside in or near Kingston in the State of Pennsylvania.

Opposing the application plaintiff says that on July 10, 1944, he went to the defendant's claim agent and tried to get $500, which he needed for taxes and coal. Thereupon, says plaintiff, the claim agent gave him two checks and asked him to sign a "long form usual company receipt." Plaintiff denies that he read the paper, or knew its contents, and asserts that he never intended to make any such agreement as that set forth in support of the answer.

The defendant in reply submits an affidavit dealing with the execution of the agreement, denying that there was any fraud, misrepresentation, or mistake about it. This denial is supported by another employee of the defendant who swears he was present when the agreement was executed.

Two branches of defendant's motion can be disposed of quite summarily. Obviously the motion for judgment on the pleadings is not well founded, and need not be discussed. The motion for summary judgment must also be denied, because the controversy between the parties over what took place on July 10, 1944 (when the "venue agreement" was made), surely presents a triable issue. The real question to be determined is whether I should order a separate trial of that issue or not. Since the power to order a separate trial exists (Rule 42 (b), Federal Rules of Civil Procedure), I have only to determine whether it is proper to exercise that power in the circumstance of this case.[1] There is conflict of authority on the question whether, even assuming that agreements like the one at bar have been freely and voluntarily made, the Federal Employers' Liability Act 45 U.S.C.A. § 55, forbids the railroads to make them and renders them illegal. Some district courts, and at least one high state court, have said that agreements like this merely waive a personal privilege concerning the place of trial, and do not violate the statutory command against contracts exempting the railroad from liabil-

---

[1] There are a number of decisions, state and federal, dealing with the propriety of granting a separate prior trial of issues much like the one presented here. Sometimes separate trial has been denied, and properly so. Clark v. Atlantic Stevedoring Co., D.C.E.D.N.Y., 1943, 3 F.R.D. 85; Mattigan v. Socony Vacuum Co. Inc., S.D.N.Y., Judge Mandelbaum, October 27, 1936 [no opinion for publication]. Various courts, on the other hand, have often recognized that there are circumstances in which such separate trials ought to be granted. Clark v. Lowden, D.C.Minn., 1942, 48 F.Supp. 261; Piuntkosky v. Thomas Harrington's Sons Co., 1915, 167 App.Div. 117, 152 N.Y.S. 902. There are even circumstances under which the denial of separate trial of the issue of general release has been called error. Union Pac. R. Co. v. Syas, 8 Cir., 1917, 246 F. 561. But I do not suppose that any one seriously contends that judicial discretion to grant or withhold such prior separate trials can survive if decisions on the point are ordinarily anything more than helpful guides. The appeal to discretion found in the particular motion to be decided is what counts.

ity. Clark v. Lowden, supra; Herrington v. Thompson, D.C., 1945, 61 F.Supp. 903; Detwiler v. Lowden, 198 Minn. 185, 269 N.W. 367, 838, 107 A.L.R. 1054, 1059. At least one case holds that a plaintiff who waives venue exempts the common carrier from liability, at least pro tanto, and that the statute forbids this. Sherman v. Pere Marquette Ry. Co., N.D. Ill., 1945, 62 F.Supp. 590. The practical importance of such agreements is very great. Even the Supreme Court has noticed the fact that in cases of this character the plaintiff is frequently found "shopping for a judge or a jury believed to be more favorable than he would find in his home forum."[2]

But I do not think I am called upon to decide whether or not the statute forbids agreements of this kind. If plaintiff establishes his assertion that he was tricked into making this contract that is the end of the matter, and the effect of the statute need not be considered. Moreover, it would be presumptuous for me to attempt to decide the law question in the face of the strong likelihood that some other judge will preside at the trial of the underlying fact issue. That judge, not I, should be free to interpret and apply the statute to the facts. I return then to the only question before me, namely whether I should order a separate trial of the fact issue: was the agreement of July 10th, 1944, procured by fraud practiced upon the plaintiff by representatives of the defendant.

█ To determine where discretion lies I ought to consider the end result of any disposition I may make.

If I refuse to order a separate trial of the fact issue this result is remarkable. The defendant has bought and paid for what purports to be an agreement from the plaintiff that he will litigate in no place other than Pennsylvania. If I deny a prior separate trial the defendant, without any chance to be heard on the issue of fraud, or of the validity of such contracts at law, must, despite the plain terms of the contract, undertake a trial in the Eastern District of New York. Thus, by denying a separate trial I have rendered the agreement meaningless, whether it is valid or invalid, a result which to me is not quite consistent with the exercise of a judicial discretion. Moreover, if at the main trial or on appeal the defendant should ultimately demonstrate that the contract is enforceable, the trial in the Eastern District of New York will be merely a lost motion. The whole process will necessarily be repeated in Pennsylvania, assuming that by the time the suit is recommenced the statute of limitations has not run against the plaintiff. (This action will be barred in September, 1946.)

On the other hand no matter what may be the outcome of a separate trial of the fact issue of which I speak, only one complete trial of the main case will be necessary. If the plaintiff prevails the case will be tried here; if the defendant prevails the plaintiff will try his case either in the state or federal courts of Pennsylvania, depending upon how he is advised.

Even cursory consideration of these alternatives leads me to think that every dictate of common sense, economy and efficiency points to the conclusion that the question of venue should be disposed of before anything else is undertaken. Judge Nordbye disposed of a matter like this in the same way. Clark v. Lowden, supra.

The motion for a separate trial of the defense of improper venue is granted. The motion for judgment on the pleadings and the motion for summary judgment are both denied. The motions to dismiss the complaint for improper venue and to enjoin prosecution of the action except in the Pennsylvania courts are denied without prejudice to renewal after the outcome of the separate trial of the fact issue is known. The motion to stay the trial in the Eastern District of New York until the determination of the venue question is denied without prejudice, because I understand that counsel have an informal agreement that the main trial in this district will

---

[2] Mr. Justice Jackson in Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S. Ct. 827, 831, 86 L.Ed. 1129, 146 A.L.R. 1104, characterized as a "shrewd deduction" in Gilbert v. Gulf Oil Corp., 2 Cir., 1946, 153 F.2d 883.

not be pressed in the event that a separate trial of the venue issue is ordered.

If I am wrong in this, defendant's counsel can renew this branch of the motion, if so advised.

