## AKERLY v. NEW YORK CENT. R. CO.
### Civ. No. 24686.

District Court, N. D. Ohio, E. D.

Sept. 12, 1947.

M. C. Harrison, of Cleveland, for plaintiff.

Paul Lamb, of Cleveland, for defendant.

JONES, District Judge.

The plaintiff, a citizen of Pennsylvania, brings this action under the Federal Employers' Liability Act, U.S.C.A., Title 45, Chapter 2, § 51 et seq., for damages for injuries suffered while working for the defendant.

Defendant has filed a motion to dismiss for improper venue. The basis for this motion is an agreement entered into between the parties, subsequent to plaintiff's injury, whereby in consideration of an advancement of $50 to plaintiff by defendant, plaintiff agreed not to start suit on account of the injury in any courts, Federal or State, except those sitting within the State where he resided at the time of such injury or within the State wherein the injury was sustained. (Plaintiff was injured in Pennsylvania.)

Plaintiff admits signing the agreement and receiving the $50 but claims the contract void and unenforceable for two reasons:

(1) No consideration for plaintiff's alleged waiver of venue, and

(2) Such an agreement, even if supported by consideration, is void under Section 55 of Title 45 U.S.C.A.

If either of plaintiff's contentions is valid, defendant's motion must be overruled.

I. *Was there consideration for plaintiff's agreement not to bring an action in any court sitting outside the state of Pennsylvania?*

Plaintiff has taken depositions of the two New York Central Railroad Company claim agents who called on the plaintiff on February 18, 1946, gave him a check for $50 and obtained his signature on the agreement. It does not appear that this was an unusual or fraudulent procedure. Plaintiff had called one of the claim agents and had requested funds for living expenses while he was recovering from his injuries. The claim agents brought the check to plaintiff's house and had him first sign a "non-bankable voucher" which, it was explained to plaintiff, was for the use of defendant's accounting department. At the top of the voucher these words appear: "In full settlement of advance payment account injury sustained while employed as Engine Hostler, at or near Wesleyville, Pa., on or about May 14, 1945."

This voucher was endorsed on the back by plaintiff, with the words: "Received payment, Blaine F. Akerly," the two claim agents signing below plaintiff's signature as witnesses.

Next, plaintiff was given a copy of the agreement which, according to the deponents, he read and understood, stating: "Now, this means I can't bring a lawsuit outside of Erie County." (Deposition of G. J. Radabaugh, p. 17.)

After signing this agreement, plaintiff was handed a check for $50, payable to his order. (Photostatic copies of the voucher, the agreement and the check are attached to the depositions.)

Plaintiff contends that had he been given the $50 upon his signing the agreement, there might be some reason to hold that the consideration for the payment of that money was the waiver of plaintiff's venue rights. However, since defendant required plaintiff to sign the voucher, as well as the agreement, plaintiff says that "the only consideration for the payment of the $50.00 was that that sum was to be regarded as an advance payment on Akerly's claim for injury" and that "if the $50.00 was paid as an advance on his personal injury claim, * * * then it is perfectly evident that there was no consideration for the release by Akerly of his valuable venue rights granted to him by the Federal Employers' Liability Act."

Plaintiff cites no authority for his contention that if a sum of money is paid as an advance it cannot be consideration for a waiver of certain venue privileges by the recipient. I do not see that by endorsing the voucher plaintiff did anything which would meet the requirements of consideration. The voucher was merely a notice to the treasurer of the defendant to pay $50 to the order of the plaintiff through the Irving Trust Company. By endorsing the voucher, plaintiff only recited his receipt of the money and did not thereby assent or agree to any terms appearing on the face thereof.

In a chapter dealing with illegal bargains, Williston makes the following statement:

"The right of a party to legal redress if he is injured is jealously guarded by the courts, and generally no agreement confining the right of a party to sue in a particular court or tribunal or in the courts or tribunals of a certain jurisdiction, or to determine the venue of a suit in such a way as to deprive the defendant of his statutory privileges as to place of trial will be enforced, unless perhaps where the agreement is made after the cause of action has arisen and is part of a fair compromise." Williston on Contracts, Sec. 1725.

▮ Concerning this general topic, the Restatement says: "A bargain to forego a privilege, that otherwise would exist, to litigate in a Federal Court rather than in a State Court, or in a State Court rather than in a Federal Court, or otherwise to limit unreasonably the tribunal to which resort may be had for the enforcement of a possible future right of action or the time within which a possible future claim may be asserted, is illegal." Restatement of the Law of Contracts, Sec. 558.

▮ I do not believe the agreement in question falls within the prohibition set forth in the Restatement since it is, in my opinion, neither an unreasonable limitation nor one concerning "a possible future right of action" but rather one concerning a presently existing right of action.

▮ As to consideration, I agree that the sum paid was not in itself consideration since it was to be considered an advance and hence deductible from the amount of the final settlement. However, since the defendant was not obliged to part with the money before final settlement, its giving up its right to further use of the $50 was an act detrimental to the defendant and was consideration for plaintiff's agreement not to sue outside of Pennsylvania.

II. *Does the agreement in question come within the prohibition set forth in Section 55 of the Federal Employers' Liability Act?*

Section 55 of Title 45 U.S.C.A. reads as follows: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

The real question is whether by agreeing not to sue the defendant on a specified cause of action which had already accrued, the defendant has been exempted from any liability created by Chapter 2 of Title 45.

Section 56 of Title 45, relating to jurisdiction, reads as follows:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Plaintiff cites the case of Sherman v. Pere Marquette Ry. Co., D.C.N.D.Ill.E.D., 1945, 62 F.Supp. 590, which held, in a case similar to this one, that a contract, wherein the plaintiff, subsequent to injury and in consideration of an advance, agreed not to bring suit other than in the Circuit Court for Wayne County or the Federal Court at Detroit, Michigan, was void under Section 55.

The reasoning of the Court was that one of the rights vested in employees under the Act is that of bringing an action in the district wherein the cause of action arose or where the defendant does business or where defendant resides, and the correlative duty or liability of employers under the Act is to submit to such suits within any one of the

prescribed districts. Therefore any limiting of the choice of forum granted to the employee in Section 56 is an exemption from a part of the employer's duty or liability and hence prohibited.

Opposing plaintiff's view are the cases of Clark v. Lowden, D.C.Minn.1942, 48 F. Supp. 261; Herrington v. Thompson, D.C. W.D.Mo.W.D., 1945, 61 F.Supp. 903, and Detwiler v. Lowden, 1936, 198 Minn. 185, 269 N.W. 367, 107 A.L.R. 1054. These cases, under the Federal Employers' Liability Act, involve agreements similar to the one in this case and all hold that the plaintiff is "free to enter any stipulation" with regard to an accrued cause of action provided there is no fraud or misrepresentation or mutual mistake. Detwiler v. Lowden, supra, 198 Minn. 185, 269 N.W. at page 369, 107 A.L.R. at page 1058.

"On the face of the covenant, it would appear to be to the interest of both parties, in reducing the expense of the litigation, to have the trial in the state where plaintiff resides and where his injuries occurred." Detwiler v. Lowden, supra, 198 Minn. 185, 269 N.W. at page 369, 107 A.L.R. at page 1059.

I find no authority, except in the Sherman case, supra, for the theory that the defendant has exempted itself from some liability when the plaintiff agrees to a reasonable contract regarding the place of litigation of an accrued cause of action. In Clark v. Lowden, supra [48 F.Supp. 264], the court pointed out that venue was "merely the place where the liability is to be enforced," and that since the plaintiff had the privilege of bringing suit in any of the jurisdictions prescribed by Section 56, he had a right to select a locality for a valuable consideration.

If plaintiff's reasoning were applied further, the mere filing of his lawsuit in any district permitted by Section 56 might be considered a device to exempt defendant from liability since, by so filing, plaintiff has waived his privilege of suing in any of the other districts.

The agreement not to bring suit outside the state of Pennsylvania, in view of the fact that plaintiff lives there, the accident occurred there and the defendant does business there, was altogether reasonable. It is not a case where an injured employee, in desperate need of money, was prevailed upon by his employer to agree to bring an action only in a distant state where the expense of such an undertaking might deter the employee from asserting his rights.

In his brief, plaintiff states that if this contract is upheld it will be possible for such contracts to be made before injury as a condition of employment agreeing that actions will be brought only in Federal courts or only in State courts or "in the courts of some different state five hundred miles away."

But plaintiff should not assume that if this contract be held valid, any such contract, as in the examples he gives, would be valid. It is altogether possible that an agreement by an employee, after injury, to sue only in specified courts or districts would, considering the circumstances, operate to exempt the employer from liability and therefore be invalid under Section 55. Each such transaction must therefore be carefully examined where a question is raised as to its validity but there should be no sweeping, unqualified rule prohibiting all such contracts regardless of their terms or the circumstances under which they were made.

In this case I believe the contract, made in good faith, without fraud, and for a valuable consideration, was a valid, mutually agreeable transaction which in no way operated to exempt the defendant from liability within the meaning of Section 55.

Defendant's motion to dismiss will be sustained.