## KRENGER v. PENNSYLVANIA R. CO.

### No. C. 7898.

District Court, E. D. New York.

Dec. 16, 1947.
Judgment Affirmed April 14, 1949.

William A. Blank and William Samuels, both of Brooklyn, N. Y., and Morris S. Borden, of Cleveland, Ohio, for plaintiff.

Louis J. Carruthers, of New York City (Dominic B. Griffin, of Brooklyn, N.Y., of counsel), for defendant.

RAYFIEL, District Judge.

We will call the case of Clyde W. Krenger against The Pennsylvania Railroad Company.

Any motions?

Mr. Blank: If your Honor please, at this time, sir, the plaintiff respectfully moves under Rules 12(b, c, d, and f), and Rules 56(a and c), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike Paragraphs IV to VIII, inclusive, from this defendant's answer upon the ground that that separate defense does not state facts sufficient to constitute a defense at law, and upon the further ground that the defenses sought to be alleged in those paragraphs of the answer are void for the reason that the agreement referred to in the answer as having been entered into between the plaintiff and the defendant pursuant to which the plaintiff agreed to waive his judicial rights with respect to venue contravenes the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 55 and 56,

Mr. Griffin: On behalf of the defendant I oppose the granting of the motion just made by the plaintiff on the ground that under the agreement referred to in the defendant's answer in Paragraphs IV to VIII, inclusive, it is our contention, supported by the authorities, that the plaintiff is limited to prosecuting his cause of action upon the facts as stated in his complaint to the courts in the State of Ohio, and I desire to submit herewith the original of that agreement executed by the plaintiff at Orrville, Ohio, on May 10, 1946, witnessed by his wife, Mrs. C. W. Krenger, and M. D. Brickman, Claim Agent of the Pennsylvania Railroad.

The Court: The agreement is received in evidence.

(Agreement marked Defendant's Exhibit A in evidence.)

The Court: The plaintiff, an employee of the defendant, brings this action to recover damages for injuries alleged to have been sustained by him during the performance of his duties as a yard conductor in a railroad yard maintained by the defendant at Akron, Ohio, on March 10, 1946.

It is conceded that at the time of the accident plaintiff and the defendant were engaged in interstate commerce.

The answer consists in part of a separate defense (Paragraphs IV to VIII, inclusive), wherein the defendant alleges that it entered into an agreement with the plaintiff under the terms of which the latter, for good and valuable consideration, agreed in certain eventualities in said agreement provided for, that he would not prosecute an action for damages for his injuries in any court except within the State in which he was injured or in which he resides. The plaintiff resides in the State of Ohio.

Section 56, sometimes called Section 6 of Chapter 2 of the Federal Employers' Liability Act, provides in part that an action under the said chapter of the said Act, "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

Section 55, sometimes called Section 5 of the said chapter of the said Act, provides in part that "any contract, rule, regulation, or devise whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void," et cetera.

This action was commenced in the United States District Court for the Eastern District of New York with a summons dated March 28, 1947.

The plaintiff moves to strike the separate defense alleged in Paragraphs IV to VIII, inclusive, of the defendant's answer on the grounds that the agreement hereinabove referred to is void and in contravention of the rights of the plaintiff under Sections 55 and 56 of the Federal Employers' Liability Act, and that the said separate defense is therefore insufficient in law.

He relies, inter alia, on the case of Sherman v. Pere Marquette Railway

Company, D.C., 62 F.Supp. 590, 593, wherein Judge Barnes said that while venue is a privilege which may be waived, "it may not be contracted away in the face of a specific statute which prohibits such contracting, as does Section 5 of the Employers' Liability Act under consideration."

Judge Barnes, continuing, stated, "The court is of the opinion that the contracts in question in this suit are void because they are prohibited by Section 5 of the Federal Employers' Liability Act."

The defendant contends that the aforementioned agreement does not constitute an abridgment of the plaintiff's right under Section 55, supra, and hence is binding on him.

The defendant bases its position on the hypothesis that the question of venue is not such a liability as was contemplated or intended in the enactment of the said section.

The defendant cites several decisions which support its view: Herrington v. Thompson, D.C.W.D.Mo., 61 F.Supp. 903; Clark v. Lowden, D.C.Minn.2d Div., 48 F. Supp. 261; Detweiler v. Lowden, 198 Minn. 185, 269 N.W. 367, 838, 107 A.L.R. 1054, 1059.

It is my belief that the decision and the opinion of Judge Barnes in the case of Sherman v. Pere Marquette Railway Company, supra, is consonant with the intent of Congress to provide by Section 55 of the Federal Employers' Liability Act adequate and complete safeguards for the railroad employee against such an impairment of his rights as the aforementioned agreement might effect. The right to prosecute this action in this district is an important and valuable right, the denial of which would contravene both the letter and the spirit of Section 55. It appears to me that recourse may be had to legislation alone for the correction of such inconveniences and hardships as the statute may entail.

The motion of the plaintiff is therefore granted.