## CULLINAN v. NEW YORK CENT. R. CO.
### Civ. 47–412.

United States District Court
S. D. New York.
Dec. 10, 1948.

William J. Brock, of Buffalo, N. Y., and Harrington, Silber & Mulvey, of New York City, for plaintiff.

Frederick L. Wheeler, of New York City, for defendant.

HULBERT, District Judge.

This is a motion by the defendant to transfer this action to the District Court for the Western District of New York, pursuant to 28 U.S.C.A. § 1404(a). Plaintiff seeks to recover damages for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The accident which forms the basis of this action occurred while the plaintiff was in the employ of the defendant at Churchville, New York. Plaintiff resides in Buffalo, New York, and the defendant is a New York corporation and its main office is in this District.

In support of the motion, defendant lists 19 witnesses who are said to be necessary to the presentation of its case. Of these witnesses, 15 are employees of defendant, and four are doctors.

■ Assuming arguendo, without deciding it, that the doctrine of forum non conveniens under 28 U.S.C.A. § 1404(a) applies to cases under the Federal Employers' Liability Act, the application of the doctrine rests in the sound discretion of the court. In commenting on the doc-

trine, the Supreme Court said, in Williams v. Green Bay & W. R. Co., 1946, 326 U.S. 549, 66 S.Ct. 284, 287, 90 L.Ed. 311: "We mention this phase of the matter to put the rule of forum non conveniens in proper perspective. It was designed as an 'instrument of justice.' Maintenance of a suit away from the domicile of the defendant—whether he be a corporation or an individual—might be vexatious or oppressive."

■ The plaintiff has not only brought this action in the state in which the defendant does a considerable portion of its business, but also has brought it in the city in which the defendant maintains its main office.

In Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, at page 508, 67 S.Ct. 839, 91 L. Ed. 1055, Mr. Justice Jackson listed the factors that should be considered in forum non conveniens matters. These factors are of two kinds: (1) the private interest of the litigant, and (2) factors of public interest.

Admittedly some of these factors are inapplicable in the present case, but those that do apply militate against the transfer requested. The trial is estimated by defendant to require only three days. All the witnesses, except the doctors, are employees of defendant, and so presumably there will be no difficulty in securing their appearance here. They live in various parts of the State of New York, including Albany, Syracuse, Niagara Falls, Buffalo, Troy, Rochester, Sloan, and West Webster. Concerning the doctors, it appears that only one of them actually treated the plaintiff. The testimony of the others is desired to show mainly their prognosis and diagnosis of the plaintiff, which it appears could adequately be presented by depositions or interrogatories.

■ This Court is also of the opinion that section 6 of the Federal Employers' Liability Act gives to an injured employee a right to select the forum in which he will bring his action. Cf. Akerly v. New York Central R. Co., 6 Cir., 1948, 168 F.2d 812; Krenger v. Pennsylvania R. Co., D.C.E.D. N.Y.1948, 8 F.R.D. 65. This right would indeed be an illusory one if it could be defeated by the transfer of a case such as

872

this one, brought in the forum of the defendant's domicile.

This case is certainly not one in which the "balance is strongly in favor of the defendant". Gulf Oil Corp. v. Gilbert, supra [330 U.S. 501, 67 S.Ct. 843]. The plaintiff's choice of forum will not be disturbed.

Motion denied.

Settle order on notice.