EXPORT INSURANCE COMPANY, Respondent, *v.* MITSUI STEAMSHIP Co., LTD., Doing Business as MITSUI LINE, Appellant.

First Department, November 22, 1966.

*Gerard Harrington, Jr.,* of counsel (*Burlingham Underwood Barron Wright & White,* attorneys), for appellant.

*William R. Vincent* and *Charles D. Herak* of counsel (*William R. Vincent,* attorney), for respondent.

*Per Curiam.* The Civil Court dismissed this action on the ground that it constituted an unreasonable burden on commerce within the meaning of the Commerce Clause of the United States Constitution (art. I, § 8, cl. 3) rendering moot plaintiff's motion for a pretrial examination of defendant. The Appellate Term reversed the judgment of dismissal and remanded plaintiff's motion for examination to the Civil Court. The Appellate Term held that the Commerce Clause is inapplicable.

As to the defense based on the Commerce Clause, we unanimously agree. As regards *forum non conveniens,* we agree that in the technical sense this defense is not available against a resident and hence is not applicable. However, as a description of the kind of defense application that perhaps could be made, as pointed out below, the use of the phrase *forum non conveniens* may be apt.

A single question remains—whether the record establishes a substantial factual basis for the exercise of discretionary power to refuse jurisdiction of this action and thus to preclude plaintiff, a New York corporation, from access to the courts of New York.

The action was brought by a cargo underwriter incorporated in New York but based in Houston, Texas, as subrogee of a Japanese buyer of goods, for alleged damages to the goods caused by defendant carrier, a Japanese steamship company. The goods were purchased from a Mexican company and were shipped from Mexico to Japan.

Defendant now makes the additional argument that it is unreasonable to litigate this dispute in New York since the two Japanese corporations agreed to litigate any dispute in Japan. The contract of carriage contains the following provision: " 3. Jurisdiction. Any dispute arising under this Bill of Lading shall be decided in Tokyo, Japan and the Japanese law shall apply except as provided elsewhere herein."

The motion below was not made on said ground and no argument was made thereon and no such defense is pleaded except as may be implicit in the general defense that plaintiff's rights are limited by the contract of carriage. This contention does not go to the jurisdiction of the court nor does it raise a constitutional question. At best it invokes the power of the court to decline jurisdiction as a matter of discretion. If discretion is to be exercised, it should not rest on a disputed complex of facts which have not been resolved.

It may be, as argued by the appellant, that this dispute derives from a transaction initiated in Japan. Affidavits of the plaintiff support the premise that the bill of lading was issued in Los Angeles, California; that the insurance for the cotton involved was placed by a New York corporation; that the cotton was ordered by that corporation from its Mexican subsidiary and was shipped from Mexico; and that the damage was sustained prior to the arrival of the goods in Japan.

Although we may not be required to give effect to a contractual provision which ousts our courts from jurisdiction (*Kyler* v. *United States Trotting Assn.,* 12 A D 2d 874; *Shiosberg* v. *New York Life Ins. Co.,* 217 App. Div. 685), we are not precluded

from enforcing it where it would be right and proper so to do. " There may conceivably be exceptional circumstances where resort to the courts of another state is so obviously convenient and reasonable as to justify our own courts in yielding to the agreement of the parties and declining jurisdiction " (CARDOZO, J., concurring in *Meacham* v. *Jamestown, Franklin & Clearfield R. R. Co.,* 211 N. Y. 346, 353).

There is an increasing disposition on the part of courts to recognize the existence of such exceptional circumstances and to give effect to it. Instead of the contract stipulation being unenforcible, whether it should be enforced is now a matter resting in the sound discretion of the court (*Muller & Co.* v. *Swedish Amer. Line Ltd.,* 224 F. 2d 806; see, also, Restatement, Conflicts [2d], [Tent. Draft No. 4, 1957], § 117a, including the Reporter's Note). This development is both a result of long standing legal thinking and the impact of modern commercial conditions. It has long been recognized that there is something anomalous in vitiating a contract provision for exclusive foreign jurisdiction where freely and advisedly entered into and upholding the balance of the agreement, no matter how onerous on a party (see *Gilbert* v. *Burnstine,* 255 N. Y. 348, 355). And the effect of the original rule has lost much force by the countenancing of various related clauses in contracts. Such would be an authorization, contained in the contract, for an attorney to appear in the foreign jurisdiction (*Grover & Baker Mach. Co.* v. *Radcliffe,* 137 U. S. 287).

The vast increase and extension of international trade and international communications have had the effect of lessening the inconvenience of appearance in foreign jurisdictions and abating the concept that such proceedings expose the foreign litigant to injustice or oppression. Also, the increasing number of instances where a choice of forums is involved must raise questions of reciprocity. If our courts are to insist on jurisdiction where the dictates of fairness and convenience indicate otherwise, we can surely expect foreign courts to do the same, with the consequence that residents of this State will be forced to sue or defend actions in foreign courts, which actions should appropriately be tried here.

The record in this case does not give a firm basis for deciding whether the dictates of reason and obvious convenience should cause New York to yield to Japan. The original dispute from which this suit is derived is between two Japanese corporations. The insurer, who sues in the right of a Japanese assured, is a New York corporation. Whether it does any business here or whether the acts which connect it with the original dispute were

performed by it in Japan cannot be gleaned from this record. In order to properly invoke the court's discretion the circumstances should clearly indicate that fairness and convenience dictate that our courts yield to the foreign jurisdiction. In resolving this question it may be necessary for a court to take proof.

Accordingly, the determination of the Appellate Term should be affirmed with leave to renew the motion to dismiss on discretionary grounds on a complete record showing all cogent facts and circumstances, without costs or disbursements.

Rabin, J. P., McNally, Stevens, Steuer and Witmer, JJ., concur.

Determination of the Appellate Term unanimously affirmed, without costs or disbursements, with leave to renew the motion to dismiss on discretionary grounds on a complete record showing all cogent facts and circumstances.