William R. Brennan, Jr., J.
Paragon Homes of New England, Inc. is a Maine corporation. In 1965, it contracted with the defendants, residents of Brockton, Massachusetts, for improvements upon their home in that city. It then commenced an action for alleged breach of the contract, and this court (Pittoni, J.) dismissed the complaint (order Oct. 27, 1967) based upon the doctrine of forum non conveniens established in Paragon Homes of New England v. Langlois (N. Y. L. J., March 1, 1967, p. 23, col. 1). (See, also, Paragon Homes of Midwest v. Grace, N. Y. L. J., March 1, 1967, p. 23, col. 2.)
Shortly after that dismissal, Paragon Homes of New England, Inc., assigned its right, title and interest in the contract to the present plaintiff, a domestic corporation, which commenced the present action by service of the summons and complaint on the defendants in Massachusetts. The service is sought to be justified by a clause in the contract between the Maine corporation and the Massachusetts citizens stating: “ This agreement shall be deemed to have been made in Nassau County, New York, and the parties and/or their assignees hereby submit to the jurisdiction of the Supreme Court, Nassau County, New York, for the purpose of adjudication of all their respective rights and liabilities hereunder.” United States Corporation Company was designated by the parties as their agent to receive service of process.
The present motion seeks dismissal of the complaint on the ground that the court lacks jurisdiction over the person of *465 the defendants. If the submission to jurisdiction clause is inapplicable for any reason, the motion must be granted.
In the Langlois case and again in the Grace case cited above, Mr. Justice Farley wrote: ‘ ‘ The same factors discussed above also strongly indicate that the clause relating to the submission to the jurisdiction of the Nassau 'County Supreme Court was inserted by the plaintiff in its printed form of contract for the purpose of harassing and embarrassing the defendants in the prosecution or defense of any action arising thereunder. This is not a case involving parties situated on an equal basis. The plaintiff is engaged in a commercial enterprise for profit, whereas the materials purchased by defendants were not bought for use in a business or for resale. The procurement of defendants’ consent to New York as the forum for legal redress is, under the peculiar circumstances disclosed, without justification, grossly unfair and unconscionable. Such clause would be stricken as a matter of law (U.C.C., sec. 2-302 [1]), were not the action dismissed on other grounds.”
While this was dictum in the cases cited, it was strong dictum (cf. Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240, 245, 246) and there is no question that the conclusions reached are fully justified by the factual pattern presented to this court in this case which is so repetitious of that presented in the litigations previously contested herein. What may heretofore have been dictum is now made the decision of the court. Without the imposition of the grossly unfair and unconscionable jurisdictional clause this court lacks jurisdiction over the defendants and the complaint is dismissed.