David A. MATTHIESSEN, Plaintiff,

v.

NATIONAL TRAILER CONVOY, INC., a corporation, Julian L. Wiener, Ansear E. Heslien and Lovelette Transfer Co., Defendants.

LOVELETTE TRANSFER CO., Defendant and Third-Party Plaintiff,

v.

WEATHERS BROS. TRANSFER CO., Inc., Third-Party Defendant.

No. 4–68 Civ. 143.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 9, 1968.

Ralph A. Gale, Jr., Minneapolis, Minn., for plaintiff.

Robt. J. McGuire, Mordaunt, Walstad, Cousineau & McGuire, Minneapolis, Minn., for defendants, National Trailer Convoy and Julian Wiener.

Richard T. Cummings, Jr., Henretta, Muirhead, Oberg & McGinty, Minneapolis, Minn., for defendant and third-party plaintiff.

David F. Fitzgerald, Rider, Bennett, Egan, Johnson & Arundel, Minneapolis, Minn., for third-party defendant.

MEMORANDUM

MILES W. LORD, District Judge.

The third-party defendant in this action, Weathers Bros. Transfer Co., Inc., has filed a motion for dismissal of the third-party complaint of Lovelette Transfer Co. on the ground that a clause in a lease agreement between these two parties limits jurisdiction to the courts of Fulton County, Georgia. It is the Court's determination that while the third-party complaint should properly be adjudicated separately from the main tort action, that it would be unreasonable to dismiss the third-party complaint in this jurisdiction.

Lovelette is a defendant in an action brought by one David Matthiessen, for injuries which he suffered while standing beside a moving van owned by Lovelette. The employee of Lovelette is alleged to have been negligent for the manner in which he positioned and left the van prior to the collision which produced plaintiff's injuries. Lovelette, although denying any negligence, alleges in its third-party complaint that Weathers was a lessee of the van, and is under the lease agreement obligated to defend Lovelette against all claims arising out of the operation of the van, and further to indemnify Lovelette against all liabilities arising therefrom. Weathers has contended that it has no responsibility to defend or indemnify because the lease agreement was illegal, and hence void and unenforceable at the time of the accident. Weathers appears to contend that failure of Lovelette to notify it of the particular shipment involving use of the van prior to the time of the accident was a violation of law and regulations of the Interstate Commerce Commission which rendered the lease agreement illegal.

Because the motion to dismiss is directed against a third-party complaint, a question arises as to whether or not this third-party complaint should be adjudicated apart from the main tort action. If it is properly separable for trial under F.R.Civ.P. 42(b)[1] then the Court will consider the jurisdictional limitation raised by the third-party defendant.

From an examination of the pleadings, it is apparent that the paramount question raised by the third-party complaint is whether or not Weathers must defend and indemnify Lovelette. In deciding this question, the Court will have to interpret the lease agreement and pass on its validity; however, it will not be necessary to consider the facts placed in controversy by Matthiessen's claim. It appears as though a separate trial adjudicating the validity of the lease agreement, and thus determining whether Weathers or Lovelotte is a proper party to defend against Matthiessen's complaint will further convenience and expedite the trial of Matthiessen's case.[2]

The Court is now asked to decline to assert its jurisdiction of the third-party complaint because the lease agreement involving the moving van contains the following provisions:

> 17(b) Should the Agent desire to sue under the terms of this contract, in that event, Agent shall proceed only in a Court of proper jurisdiction located in Fulton County, Georgia.

Weathers argues that it is a violation of this provision for Lovelette to bring suit in this Court, and that this Court should hold Lovelette to its contract and dismiss the third-party action.

The traditional view of the courts has been that such a contractual provision violated public policy by ousting the jurisdiction of an otherwise proper tribunal, and was per se illegal. Annot: Validity of Contractual Provision Limiting Place of Court in Which Action May Be Brought, 56 A.L.R.2d 300 (1957); 17 C.J.S. Contracts § 229(1), at p. 1069. A contrary, and more modern view has evolved which finds such agreements not per se invalid, but rather enforceable in the discretion of the Court if reasonable. It is said that the parties don't mean to deprive the courts of jurisdiction but "express their desire that these courts

1. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any * * * third-party claim * * *.

2. The Eighth Circuit cited with approval the trial court's action in ordering a separate trial on the issue of which of several defendants was ultimately responsible for the negligent inspection of a railway car, if such negligence were found to exist. Chicago, Rock Island & Pac. R. R. Co. v. Williams, 245 F.2d 397 (8th Cir. 1957), cert. den., 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63. See also Rossano v. Blue Plate Foods, Inc., 314 F.2d 174 (5th Cir. 1963), cert. den., 375 U.S. 866, 84 S.Ct. 139, 11 L.Ed.2d 93.

relinquish jurisdiction in deference to what was at least originally the belief that suits could be better or more conveniently tried someplace else." Geiger v. Keilani, 270 F.Supp. 761, 765 (E.D. Mich. 1967); 17 C.J.S. Contracts § 229 (2).

In this diversity action, this Court might well consider Minnesota law as controlling its disposition of the effect to be given the contractual limitation. See National Equipment Rental, Ltd. v. Reagin, 338 F.2d 759 (2d Cir. 1964). However, the question of the applicability of state law need not be decided because of the lack of current precedent.[3] The only Minnesota decision on point is Detwiler v. Lowden, 198 Minn. 185, 269 N.W. 367, 107 A.L.R. 1054 (1936) wherein the court indicated that it might not enforce "provisions regarding future causes of action and unreasonable limitations in respect to the tribunal where the causes of action may be litigated." 269 N.W. at 369. The court cited the general rule that such contracts were void and against public policy. Id. See also Clark v. Lowden, 48 F.Supp. 261 (D.C. Minn.1942).[4] With all due respect for the dictum in Detwiler v. Lowden, this Court

doubts that it accurately reflects the current status of such contractual provisions in Minnesota today.

■ It is the opinion of this Court that the modern view set down in Krenger v. Pennsylvania R. Co., 174 F.2d 556 (2d Cir. 1949) and applied in Wm. H. Muller & Co. v. Swedish American Lines, Ltd., 224 F.2d 806 (2d Cir. 1955), should be followed in the present case. See Central Contracting Co. v. Maryland Cas. Co., 367 F.2d 341 (3d Cir. 1966); National Equipment Rental, Ltd. v. Sanders, 271 F.Supp. 756 (E.D.N.Y.1967); Geiger v. Keilani, supra; Hernandez v. Koninklijke Nederlandsche Stoomboot Maat., 252 F.Supp. 652 (S.D.N.Y.1965); General Electric Co. v. City of Tacoma, 250 F.Supp. 125 (W.D.Wash.1966); Takemura & Co. v. The S. S. Tsuneshima Maru, 197 F.Supp. 909 (S.D.N.Y.1961); cf. Indussa Corp. v. S. S. Ranborg, 377 F.2d 200 (2d Cir. 1967); United States for Use of Ray Gains, Inc. v. Essential Construction Co., 261 F.Supp. 715 (D. Md.1966); United States for Use and Benefit of M. G. M. Const. Co. v. Aetna Cas. & Surety Co., 38 F.R.D. 418 (N.D. Calif.1965). Under this view, this Court may in its discretion refuse to assert its

---

**3.** The question of whether federal or state law is applicable has not been decided. The Third Circuit felt it unnecessary to decide this question "for both federal and state courts have increasingly in recent years recognized the same principle which the Supreme Court of Pennsylvania has now adopted." Central Contracting Co. v. Maryland Cas. Co., 367 F.2d 341, 344 (3d Cir. 1966). One federal court admitted the complexity of such a question, but felt that "such a discussion would be of only academic significance in the present context. * * * Extensive research discloses no Michigan precedent * * *." Geiger v. Keilani, supra, 270 F.Supp. at 765.

**4.** The courts of other States appear to be split on the question of whether to enforce such agreements. A New York court held that

[u]nder the present state of the New York authorities, a contract or agreement · which attempts to confer exclusive jurisdiction upon the courts

of another state or country to the exclusion of the New York courts will be declared to be void as against public policy, if it is attempted to be set up as a bar to an action which would otherwise be maintainable in ·New York. Kyler v. United States Trotting Ass'n, 12 A.D.2d 874, 210 N.Y.S.2d 25, 26–27, app. denied, 12 A.D.2d 1004, 212 N.Y.S.2d 1022 (1961).

The New York courts appear to have adopted the reasonableness view in Export Ins. Co. v. Mitsui Steamship Co., 26 A.D.2d 436, 274 N.Y.S.2d 977 (1966). See also Paragon Homes, Inc. v. Carter, 56 Misc.2d 463, 288 N.Y.S.2d 817 (Sup. Ct.1968); Arsenis v. Atlantic Tankers Ltd., 39 Misc.2d 124, 240 N.Y.S.2d 69 (Civ.Ct.1963). Pennsylvania has clearly adopted the "modern" view. Central Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810 (1965). See generally Geiger v. Keilani, supra, 270 F.Supp. at 765, n. 8 (collected State court decisions).

jurisdiction if, upon the facts in the present case, the agreement does not appear unreasonable.

The third-party defendant argues that a number of witnesses and documents relevant to the disposition of whether or not the lease agreement was rendered void by the third-party plaintiff's failure to give notice are located in Fulton County, Georgia—the home office of the third-party defendant. The Court acknowledges that the proximity of witnesses and evidence to the place of trial is a factor to be considered in determining reasonableness. Wm. H. Muller & Co. v. Swedish American Line, Ltd., supra; Geiger v. Keilani, supra; Note, 31 N.Y.U.L.Rev. 949, 950 (1956). It is probable, however, that the records and witnesses of the third-party plaintiff which would be located in Minneapolis are equally relevant.

The Court must consider factors in addition to the geographical location of witnesses and evidence in determining reasonableness. Donald J. Lovelette, by way of affidavit, states that Lovelette Transfer Company, of which he is the sole owner and proprietor, leases two moving vans and owns no other vehicles. Lovelette employs two men full-time, and the main office is located in the home of Donald Lovelette. While the exact size of Weathers Bros. Transfer Co., Inc. has not been shown to the Court, it seems reasonable to assume that a company which enters into lease agreements around the country with owners such as Lovelette is of substantial size. The lease agreement containing the jurisdictional limitation was a form copy provided by Weathers.

"The provisions may also be considered unreasonable when they constitute part of a standardized or adhesion contract since such a contract is characterized by the unequal bargaining position of the parties." Note, 37 Tex.L.Rev. 225, 227 (1958). See Note, 31 N.Y.U.L.Rev., supra, at 950. A clause obligating a Massachusetts homeowner to submit to the jurisdiction of a New York court was voided by that same court because it was found grossly unfair and unconscionable: "'This is not a case involving parties situated on an equal basis.'" Paragon Homes, Inc. v. Carter, 56 Misc.2d 463, 288 N.Y.S.2d 817, 818 (Sup.Ct.1968). In the present case it is doubtful that the jurisdictional limitation was equally bargained for, and it could be characterized as unreasonable for that reason.

There is further reason to consider the limitation unreasonable. Lovelette alleges that it will be unable to prosecute a claim against Weathers if it is forced to resort to a Georgia forum because it cannot afford the additional expense involved. This allegation, if true, would indicate that Lovelette's ability to pursue his cause of action will be seriously impaired if this Court were to give the jurisdictional clause full effect by ordering a dismissal or transfer. There is authority to hold the clause unreasonable in this situation. See Central Contracting Co. v. Maryland Cas. Co., supra, 367 F.2d at 344. The Second Circuit in Indussa Corp. v. S. S. Ranborg, supra, reasoned that "to require an American plaintiff to assert his claim only in a distant court [Norway] lessens the liability of the carrier quite substantially * * *." Id. 377 F.2d at 203. This Court has no doubt that Weathers would shield itself from many just claims if it were allowed to limit all actions against it by its lessors to the Georgia courts in Fulton County. It is the Court's disposition that the third-party plaintiff Lovelette has amply demonstrated the unreasonableness of enforcing this jurisdictional limitation in the present case. Therefore, the Court will maintain jurisdiction of the third-party action and proceed to adjudicate the issues therein promptly so as to expedite trial of plaintiff's tort action.

## ORDER

The matter presently before the Court comes on a motion by third-party defendant Weathers Bros. Transfer Co., Inc. to dismiss the third-party complaint of Lovelette Transfer Co. on the ground that it fails to state a cause of action upon which relief can be granted, and for the

separate and additional reason that the Court lacks jurisdiction over the subject matter of this action. For reasons stated in the accompanying Memorandum, the third-party's motion is hereby denied.

It is further ordered that the third-party complaint be set for separate trial on the issues of whether or not the third-party defendant is obligated to defend and indemnify the third-party plaintiff.