**W.R. MILLAR CO., Appellant,**

v.

**UCM CORPORATION, Respondent.**

**No. CX–87–1907.**

Court of Appeals of Minnesota.

March 8, 1988.

**3.** The same argument was considered and rejected by the Arizona supreme court in *Harbor,* 114 Ariz. at 61, 559 P.2d at 181.

Roy S. Ginsburg, Henson & Efron, Minneapolis, for appellant.

Wood R. Foster, Jr., Grossman Karlins Siefel, Brill & Greupner, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and LANSING and MULALLY,* JJ.

## OPINION

RANDALL, Presiding Judge.

This appeal is from a trial court order granting respondent's motion to dismiss ap-

---

pellant's complaint for lack of personal or subject matter jurisdiction. We reverse.

## FACTS

In September 1984 appellant, as an independent distributor, secured an order from Target Stores for 30,000 cassette players. To fill the order, appellant purchased 30,-000 cassette players directly from respondent. In October 1984 the parties entered into another contract where appellant, in the capacity of a manufacturer's representative, agreed to sell electronic goods for respondent.

Acting as an independent distributor pursuant to the September 1984 contract, appellant bought the cassette players with a foreign letter of credit and took title to them. Appellant was responsible for importing the goods and paying all import duties, freight, and shipping costs. He also determined the sale price of the players. Any profit appellant earned resulted from the sale of the goods at a higher price than appellant paid respondent. On the other hand, as a sales representative under the second contract, appellant's function was to secure orders for respondent's products. Title to the goods passed directly from respondent to the retail outlet customer. Appellant had no importing, shipping or billing responsibilities, nor any authority to set prices. Appellant earned a commission after orders were placed, accepted, shipped, and billed.

The October 1984 contract (the one referred to as the second) contained the following forum-selection provision:

This Agreement is entered into in Los Angeles, California and shall be governed by the laws of the State of California. As a material inducement to [respondent] to enter into this Agreement, [appellant] agrees that at [respondent's] option, any action or proceeding based upon or arising out of this agreement shall be conducted exclusively in the courts located in Los Angeles County,

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

California, and [appellant] irrevocably consents to the jurisdiction of any such court and waives any right to change the venue of any such action or proceeding.

The agreement also included an integration clause:

This Agreement represents the entire agreement between the parties with respect to the sale of products, supersedes all prior agreements and understandings with respect thereto and may only be modified or amended in writing signed by duly authorized representatives of both parties.

The agreement did not mention the September cassette order. Subsequent to the signing of this second agreement, Target informed appellant it was unable to sell approximately 8,800 of the cassette recorders (subject of the earlier contract between the parties) and asked to return them. The parties had several discussions throughout 1985 on who would be responsible for the loss. Respondent authorized the return of 1,073 units, but only gave appellant credit for 797 of them.

In January 1987 appellant sued respondent in Hennepin County district court. Appellant claimed respondent violated an oral contract arising out of their 1985 discussions, and claimed that he should be reimbursed by respondent for losses sustained on the returned cassette players.

Respondent brought a motion to dismiss, claiming Hennepin County district court lacked jurisdiction based on the October 1984 contract provision limiting jurisdiction to Los Angeles County. The trial court agreed and found appellant contractually bound by the forum-selection clause in the second contract. The court held that a Minnesota district court has neither personal nor subject matter jurisdiction over respondent.

## ISSUE

Did the trial court err by determining that the forum-selection clause in the parties' October 1984 agreement prevented appellant from bringing suit in Minnesota over a dispute arising from the September 1984 cassette player order?

## ANALYSIS

■ Appellant argues that the forum-selection clause does not apply to the dispute brought in Hennepin district court. Appellant claims that the parties' two contracts were for distinct and independent services, making the forum-selection clause in the second contract irrelevant to controlling disputes arising out of the earlier contract. We agree. The September 1984 contract covered the purchase of 30,000 cassette recorders by appellant acting as an *independent distributor*. However, the October 1984 contract established a *sales representative* relationship between the parties, and did not incorporate the earlier contract. Appellant properly contends that only claims arising out of its role as a sales representative (which are not an issue in this dispute) must be litigated in Los Angeles County.

Appellant acted as an independent distributor for the parties' first transaction. The second transaction established appellant as a sales representative for respondent. As a sales representative, appellant did not take title to the goods; never received money from the customer; had no importing, shipping or billing responsibilities; and was paid only by commission. Methods of payment and types of responsibilities differed under each of the contracts. It was merely coincidental that negotiations regarding the first transaction took place while the second transaction was in force.

We conclude that if the parties intended the earlier sale of the cassette recorders to fall under the sales representative contract, the integration clause would have expressly included it. This is supported by the fact that the contracts were signed only one month apart.

■ We do not dispute respondent's argument that forum-selection clauses may

be enforceable, at the discretion of the court, if not unreasonable. *Hauenstein & Bermeister, Inc. v. Met–Fab Industries, Inc.*, 320 N.W.2d 886, 889 (Minn.1982). In reversing the trial court we are not saying that the forum-selection clause is unreasonable or unenforceable. *See also Kline v. Kawai American Corp.*, 498 F.Supp. 868 (D.Minn.1980) (forum-selection clause stipulating California with exclusive jurisdiction, was reasonable and enforceable despite the fact the dealer was a Minnesota resident and the contract's primary place of performance was Minnesota). There is nothing in the record to suggest the contract was one of adhesion or that appellant was effectively deprived of a meaningful day in court.

The proper forum for proceedings arising under the October 1984 contract would be Los Angeles County. Appellant has not, however, relinquished its right to bring suit in Minnesota for any claim arising out of its function as an independent distributor.

■ Respondent contends that since the integration clause expressly states that the sales representative agreement supersedes all prior agreements, evidence of previous negotiations between the parties violates the parol evidence rule. *See Lehman v. Stout*, 261 Minn. 384, 389, 112 N.W.2d 640, 644 (1961) (the parol evidence rule is closely allied to the doctrine of integration, and prohibits consideration of evidence of any prior or contemporaneous oral agreement when that evidence contradicts or varies the terms of the written agreement).

■ The parol evidence rule simply does not apply in this case. An oral agreement is not superseded or invalidated by a subsequent integration if it is not inconsistent with the integrated contract and would naturally be made as a separate agreement. *Red Lobster Inns v. Lawyers Title Insurance Corp.*, 656 F.2d 381, 384 (8th Cir. 1981). The September and October 1984 contracts were made separately because each one covered a different subject matter. The September cassette recorder purchase agreement was not merged into the October sales representative agreement with its forum-selection clause. Neither the express language nor the actions of the parties indicated they intended that the September contract merge into the October agreement.

We find that the trial court was in error in deciding that the October agreement, which contained the integration clause, is controlling. It us not. Disputes arising out of the sale of the cassette players are not covered by the October 1984 contract. We hold that appellant was free to select Minnesota district court to bring this suit against respondent.

## DECISION

The trial court erred by dismissing appellant's complaint. The forum-selection clause contained in the sales representative agreement did not apply to a dispute arising under a separate and distinct contract.

Reversed.