Thomas J. **MADAY**, Appellant,

v.

Tim **GRATHWOHL**, et al., Respondents.

No. A11–721.

Court of Appeals of Minnesota.

Nov. 14, 2011.

Jared D. Peterson, Berens, Rodenberg & O'Connor, Chartered, New Ulm, MN, for appellant.

Duncan C. Schwensohn, Wollschlager, Tow & Ringquist, P.A., Fairmont, MN, for respondents.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellant land owner challenges the district court's grant of summary judgment dismissing his breach-of-contract claim against respondent farmers, contending that the district court erred in determining that evidence related to a prior oral agreement between the parties was inadmissible under the parol evidence rule. We affirm.

## FACTS

Respondents Tim Grathwohl, Jason Grathwohl, and Randy Grathwohl are brothers who together own and operate respondent-partnership Grathwohl Brothers LLP. Respondents own and manage hog barns to raise hogs for other entities. In 2001, respondents desired to expand their operations and executed an agreement to raise hogs for Christensen Farms in barns to be located in Iowa. At the time, Randy Grathwohl worked for appellant Thomas J. Maday. Grathwohl asked Maday if he would be willing to sell some of his land in Iowa to respondents. Maday and his wife ultimately sold six acres of land to respondents in two separate transactions in the spring and summer of 2001, and respondents began operating the barns on the land in September 2001.

In order to secure lender financing to purchase the land and complete the barns, respondents needed a manure easement to ensure locations were established to appropriately dispose of manure from the barns. On July 31, 2001, Maday and respondents entered into a "Manure Easement Agreement," wherein Maday agreed to convey an easement over portions of his property "for purposes of hauling and applying manure and other animal waste generated by the livestock facilities leased or owned by [respondents] and located on the Facility Site," where the barns were built. The easement agreement, drafted by Christensen Farms, documented that Maday would "receive the benefit" of reduced fertilizer costs and expenses in exchange for allowing respondents "to apply manure" generated by their facilities on Maday's farmland. The agreement did not require Maday to otherwise compensate respondents for the manure, nor did it otherwise require respondents to provide manure, emphasizing that respondents made "no warranty as to the quality or quantity of manure to be delivered." The agreement also stated that "[t]he foregoing constitutes the entire Agreement between the parties."

From 2002 to 2009, Maday emptied respondents' manure pits and applied the manure to his farmland pursuant to the easement. On three occasions, when Maday did not use all of the manure, Maday made other arrangements to empty the manure pits. In 2009, respondents began selling the manure from the Iowa pits to third parties, and did so again in 2010, reducing the amount of manure otherwise available to spread on Maday's land. Maday initiated this action, alleging that re-

spondents breached an oral agreement with Maday to supply all of the manure produced in the hog barns to Maday at no cost, as an additional condition "for the conveyance of the Facility Site and the manure easement." Respondents moved for summary judgment, and the district court granted the motion, determining that evidence related to the oral agreement constituted inadmissible parol evidence in light of the written easement agreement. This appeal follows.

## ISSUE

Did the district court err in granting summary judgment in favor of respondents after determining that evidence related to a prior oral agreement was inadmissible under the parol evidence rule?

## ANALYSIS

"On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district court] erred in [its] application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). The interpretation of a written contract is a question of law, which this court reviews de novo. *Borgersen v. Cardiovascular Sys., Inc.*, 729 N.W.2d 619, 625 (Minn.App.2007).

The district court granted summary judgment after determining that the alleged oral agreement between Maday and respondents "is inadmissible under the parol evidence rule." "The parol-evidence rule is not a rule of evidence, but a substantive rule of contract interpretation." *Danielson v. Danielson*, 721 N.W.2d 335, 338 (Minn.App.2006). The parol evidence rule "prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing." *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 312 (Minn.2003) (quotation omitted). Thus, "[w]hen parties reduce their agreement to writing, parol evidence is ordinarily inadmissible to vary, contradict, or alter the written agreement. But parol evidence is admissible when the written agreement is incomplete or ambiguous to explain the meaning of its terms." *Flynn v. Sawyer*, 272 N.W.2d 904, 907–08 (Minn. 1978). "Whether an agreement is completely integrated and therefore not subject to variance by parol evidence is an issue of law." *Borgersen*, 729 N.W.2d at 625.

In determining that the oral agreement is inadmissible under the parol evidence rule, the district court determined that the agreements "have similar subject matter" but "are inconsistent." The district court noted that "Maday was responsible for the application of the manure under the oral agreement," while respondents are responsible under the easement agreement, and Maday received "no property rights in the manure" in the easement. The district court also emphasized that Maday received "similar consideration" under both agreements: "the fertilization of his land with manure from the pig barns." Because the district court determined that the agreements are inconsistent, and because the

consideration for both agreements is the same, the district court concluded that "the parties would have been expected to include any rights Maday had in the manure in the Easement Agreement."

Maday contends that the oral agreement "is consistent with the easement" and addresses terms that would naturally be contained in a "separate agreement" such that the oral agreement is "not superseded by the easement agreement." *See W.R. Millar Co. v. UCM Corp.*, 419 N.W.2d 852, 855 (Minn.App.1988) (stating that "[a]n oral agreement is not superseded or invalidated by a subsequent integration if it is not inconsistent with the integrated contract and would naturally be made as a separate agreement"). Maday argues that the agreements are not inconsistent because the oral agreement addresses Maday's "rights to the manure" as part of the land sale, and the easement addresses only respondents' "right to apply manure" as related to respondents' manure management plan. Respondents emphasize that the final written agreement establishes their ownership of the manure, and merely grants respondents "a right, but not a duty, to spread the manure over [Maday's] land."

■ We agree with respondents. The district court properly determined that the oral agreement is inadmissible under the parol evidence rule. First, the agreements address the same subject matter and are inconsistent. Unlike the agreements addressed in *W.R. Millar Co. v. UCM Corp.*, which involved two written contracts governing distinct, unrelated subject matter, both agreements in this case directly involve the manure produced at respondents' Iowa barns. *See* 419 N.W.2d at 855 (holding that the parol evidence rule did not apply because a contract for the sale of goods "would naturally be made as a separate agreement" from a sales representa-

tive agreement). Moreover, while Maday contends that he owns the rights to all of the manure, the language of the easement agreement establishes respondents' continued ownership of the manure. The manure easement agreement refers to respondents as the "Grantee" of the easement, and Maday, as the "Grantor," who agreed "to accept Grantee's manure in accordance with Grantee's manure management plan." The agreement further specifically provides that there is "no warranty as to the . . . quantity of the manure" to be delivered. While no specific indication as to quantity would be necessary in the easement agreement, we conclude that any extant proprietary rights to the manure would have been memorialized in this writing.

■ Second, the easement agreement is unambiguous and integrated. Maday has not presented evidence demonstrating any ambiguity in the terms, and the easement contains an integration clause, which states that after "mutual discussions," both parties "wish[ed]" to reduce the agreement to writing," and this writing "constitutes the entire Agreement between the parties." Parol evidence of any prior agreement is inadmissible where the agreement is unambiguous and completely integrated. *Alpha Real Estate Co.*, 664 N.W.2d at 312. While Maday argues that the easement agreement "should not be considered a complete statement" of the parties' agreement because the circumstances and "conduct of the parties indicate that the parties did not intend" a complete integration, Maday appears to raise this argument for the first time on appeal. Generally, an appellate court will not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). But this court may address such issues and arguments as justice requires. *See* Minn. R. Civ.App. P. 103.04.

Maday's argument is unavailing. Maday correctly observes that, "[i]f it appears from the circumstances surrounding the case that the parties did not intend the agreement to be a complete integration, then parol evidence can be used to prove the existence of a separate consistent oral agreement." *See Alpha Real Estate Co.*, 664 N.W.2d at 312. And a writing "must be read in light of the situation of the parties, the subject matter and purposes of the transaction, and like attendant circumstances." *Bussard v. Coll. of St. Thomas*, 294 Minn. 215, 224, 200 N.W.2d 155, 161 (1972). But a court "need not look beyond the writing" to determine whether a contract is a complete integration, where a clause explicitly states the parties' intent. *Alpha Real Estate Co.*, 664 N.W.2d at 313. Here, as in *Alpha Real Estate*, an integration clause establishes that Maday and respondents intended the easement agreement to constitute "the *entire* Agreement between the parties." *See id.* (emphasis added). Accordingly, we conclude that the district court properly determined that evidence related to the oral agreement is barred by the parol evidence rule, and respondents are entitled to summary judgment.

## DECISION

Because the manure easement agreement includes an integration clause, the easement agreement supersedes any preexisting oral agreements between the parties concerning ownership of the manure, and the district court properly granted summary judgment in favor of respondents.

**Affirmed.**